NESBIT v. NESBIT. (No. 5838.)

(Court of Civil Appeals of Texas. San Antonio. April 4, 1917. Rehearing Denied April 25, 1917.)

1. DIVORCE &ominus;124 — ACTIONS — EVIDENCE — SUFFICIENCY.

Evidence in a divorce suit held sufficient to establish that plaintiff had been a bona fide inhabitant of the state for 12 months at the time he exhibited his amended petition.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 392–398, 450, 455, 456.]

2. DIVORCE &ominus;124 — ACTIONS — EVIDENCE — SUFFICIENCY.

In a divorce suit, evidence held to warrant finding that husband had lived in D. county as alleged for a number of years immediately preceding the filing of the suit.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 392–398, 450, 455, 456.]

3. DIVORCE &ominus;184(6) — REVIEW — UNNECESSARY MATTERS—DESERTION.

Where the court's conclusion that a husband was entitled to a divorce for cruel treatment was clearly established, an assignment of error that another ground of divorce was not properly pleaded or proven is immaterial.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 572.]

Appeal from District Court, Dimmit County; J. F. Mullally, Judge.

Action by J. N. Nesbit against Hettie L. Nesbit. From a judgment for plaintiff, defendant appeals. Affirmed.

L. Old, of Uvalde, for appellant. Vandervoort & Johnson, of Carrizo Springs, for appellee.

SWEARINGEN, J. This is a suit for divorce filed by appellee against his wife, the appellant, on the grounds of cruel treatment and 10 years' separation. To appellee's amended petition appellant urged a general demurrer, several special exceptions, and a general denial.

The first and second assignments complain of the general demurrer. The contention of appellant is that the petition failed to allege that appellee had been a bona fide inhabitant of the state of Texas for 12 months

at the time he exhibited his amended petition, and that therefore the court was without jurisdiction of the cause.

The amended petition alleged with sufficient certainty that appellee had been a bona fide inhabitant of the state of Texas continuously from November, 1905, up to September, 1916, when the amended petition was filed.

[1] The fourth assignment contends that the court erred in its finding of fact that appellee had been a bona fide inhabitant of the state of Texas for 12 months at the time of exhibiting his amended petition. The evidence is that appellee moved to Texas in November, 1905, for the purpose of making his permanent home in Texas, and that he has resided and been actively engaged in business in Texas continuously from that date up to the time of the trial of the cause. There is no contrary evidence.

The first, second, and fourth assignments are overruled.

Several assignments complain that the court erred in overruling the general and special exceptions and in its conclusion of law and fact, because neither the amended petition nor evidence shows cruel treatment or 10 years' separation. The amended petition alleges both grounds with sufficient certainty, and the uncontradicted evidence amply sustains the court's finding of fact and the court's conclusion of law that appellee was entitled to a divorce for cruel treatment is correct. All the last-mentioned assignments are overruled.

[2] The fifth assignment is that the court erred in its finding of fact, that appellee had resided in Dimmit county, Tex., for the 6 months or more next preceding the filing of this suit. The undisputed evidence is that appellee has resided continuously, since November, 1905, in San Antonio, Tex., and in Dimmit county, Tex.; that for the 5 years immediately preceding the filing of this suit he had resided in Asherton. From this the court properly concluded that the town of Asherton was not in the city of San Antonio, but was in Dimmit county, Tex., as alleged. The fifth assignment is overruled.

[3] The issue that the 10 years' separation was not properly pleaded nor proven is immaterial. Assignments presenting that issue are overruled.

The judgment is affirmed.